UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYLER BLASE,

                Plaintiff,                                Civil Case No: 18-cv-12303

  -against-                                        Plaintiff Demands a
                                                         Trial by Jury
CALL9 MEDICAL P.C.,
TIMOTHY PECK, individually,                     **COMPLAINT**
ERIKA GREEN, individually,
TAYLOR OULETTE, individually,

                Defendants.
------------------------------------------------------------X

       Plaintiff, TYLER BLASE, (hereinafter referred to as "Plaintiff" or "BLASE"), by and through his attorneys, DEREK SMITH LAW GROUP PLLC, hereby complains of Defendant CALL9 MEDICAL P.C., (hereinafter referred to as "Defendant " or "CALL9"), Defendant TIMOTHY PECK, individually, (hereinafter referred to as "PECK"), Defendant ERIKA GREEN, individually, (hereinafter referred to as "GREEN") and Defendant TAYLOR OULETTE, individually, (hereinafter referred to as "OULETTE") and (hereinafter collectively referred to as "Defendants") upon information and belief, as follows:

## NATURE OF CASE

       Plaintiff TYLER BLASE (hereinafter referred to as "Plaintiff" and/or "BLASE") complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and to remedy violations of the Administrative Code of the City of New York and the laws of the State of New York, including common law defamation, and violations of the New

1

York Labor Law, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex discrimination, gender discrimination, sexual orientation discrimination, disability discrimination, FMLA discrimination, hostile work environment, retaliation, and unlawful termination by Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII, the ADA and the FMLA.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2. Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3. Around July 11, 2018, Plaintiff TYLER BLASE submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").  The federal charge number is 520-2018-04809.

4. Around September 7, 2018, Plaintiff TYLER BLASE received a Right to Sue Letter from the EEOC for his federal charge number 520-2018-04809.

5. Around December 3, 2018, the parties entered into a tolling agreement which tolled, *inter alia*, "all statutes of limitations, periods to exhaust administrative remedies, time to start suit on Title VII claims, the 90 day Right to Sue limitations, and other applicable time periods."  This Complaint if being filed prior to the expiration of the tolling agreement.

6. As such, Plaintiff satisfied all administrative prerequisites and is timely filing this case within ninety (90) days of receiving his Right to Sue letter.

7. Venue is proper in this court, as the events giving rise to this action arose in New York County within the Southern District of New York.

## PARTIES

8. Plaintiff TYLER BLASE, is an openly homosexual male residing in the state of New York, Suffolk County.

9. At all times material, Defendant CALL9 Medical P.C. was and is a domestic professional corporation, existing by virtue of the laws of the State of New York, that does business in New York.

10. At all times material Plaintiff was employed by Defendant CALL9.

11. At all times material, Defendant TIMOTHY PECK (hereinafter referred to as "PECK") was and is the Founder and CEO of Defendant CALL9, and held supervisory authority over Plaintiff with regard to his employment.

12. At all times material, Defendant ERIKA GREEN (hereinafter referred to as "GREEN") was and is the head of clinical care staff for Defendant CALL9, and held supervisory authority over Plaintiff with regard to his employment.

13. At all times material, Defendant TAYLOR OULETTE (hereinafter referred to as "OULETTE") was and is the director of people operations for Defendant CALL9, and held supervisory authority over Plaintiff with regard to his employment.

## MATERIAL FACTS

14. Around August 31 2017, Plaintiff began his employment with Defendant CALL9 Medical P.C. as an EMT. Defendants CALL9 Medical P.C. operates as a telemedicine company for on site emergency medical care at nursing homes. Plaintiff executed an employment contract with

Defendants, which governed his employment. Plaintiff excelled at his job and was extremely dedicated to his position.

15. Around March 2018, Defendants opened a new facility named Cold Spring Hills in Woodbury New York. Plaintiff became full-time at that facility with the expectation that he would be the Lead on site. Plaintiff also worked shifts in Queens, New York, Bronx, New York and New York City.

16. Around February of 2018, Plaintiff had Testicular Torsion surgery, which required a week off of work and Plaintiff was on strong pain medication. During this time, Plaintiff built up a tolerance/dependence on the pain medication such that when he was told to wean off of the mediation he got severely sick. Plaintiff's physician recommended a detox treatment to ensure Plaintiff did not fall ill or have a seizure from coming off the medication.

17. Plaintiff notified Defendant's Human Resources Director, Taylor Oullette. She was understanding and said there was no issue.

18. Around May 21, 2018, Defendants informed Plaintiff that he could take up to 30 days paid, exhaust his Paid Time Off, and then take unpaid time and his job would remain when he returned.

19. Around May 22, 2018, Plaintiff was notified that Defendants were doing an audit of human resources and Plaintiff needed to complete a mandatory background check.

20. Around May 22, 2018, Plaintiff flew to Arizona to complete inpatient detox and remained until June 5, 2018.

21. Plaintiff returned to work around June 10, 2018. When Plaintiff returned to work he completed the background check requested.

22. Plaintiff's only record reflected an incident unrelated to his position. In or about December of

2017, Plaintiff was falsely accused of sexual assault on another male when the morning after engaging in sexual relations with Plaintiff, the other male, who was married to a female, regretted the relationship. Plaintiff pleaded not guilty to the charges. The rape kit came back negative, Plaintiff provided the police with copies of the sexual tests that that the other individual sent to Plaintiff, and the other individual then refused to participate in the case. Ultimately, long after Plaintiff's termination, rather then risk the unpredictability of a jury trial, Plaintiff took a plea deal to a misdemeanor and only received probation.

23. Around June 11, 2018, Plaintiff was instructed to attend a Google hangouts virtual meeting with Defendants GREEN and OULETTE in the Human Resources department, during which Defendants GREEN and OULETTE terminated Plaintiff. During the termination meeting, Plaintiff was informed that his background check had produced the pending charges against him, and that "due to the nature of the charges" Defendants will have to part ways with Plaintiff. In referencing the "nature of the charges" the Defendants referred to the fact that they involved homosexual relations and that Plaintiff was homosexual.

24. During the June 11, 2018 termination meeting, Plaintiff pointed out the fact that his employment contract only allowed for termination for cause when an employee has a "(A) conviction of or plea of no contest to a crime other than a motor vehicle misdemeanor." Plaintiff asked why he was being terminated when he had neither a conviction nor a plea of no contest to a crime. Defendants told Plaintiff that they had not even reviewed his contract but that they would, and would consider putting Plaintiff on administrative leave until the charges were resolved.

25. Plaintiff complained that he was being discriminated against because of his pending criminal charges.

26. Ultimately, Plaintiff was then later informed that despite a review of his employment contract,

and despite the fact that his termination was clearly a breach of the contract, Plaintiff's termination was final.

27. Defendants discriminated against Plaintiff and terminated Plaintiff because of his medical disability and for having taken time off as a reasonable accommodation under the ADA and as leave under the FMLA, as well as because of Plaintiff's sexual orientation, and in violation of New York's fair chance act and the terms of Plaintiff's employment contract.

28. Defendants retaliated against Plaintiff for having taken time off as a reasonable accommodation under the ADA and as leave under the FMLA, as well as for having complained of discrimination.

29. Around July 11, 2018, Plaintiff TYLER BLASE submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").  The federal charge number is 520-2018-04809.

30. Around December of 2018, after having not contested Plaintiff's unemployment application, Defendants utilized confidential information shared with their attorney during settlement discussions pursuant to Federal Rules of Evidence Rule 408, and reached out to the unemployment board and made false statements to the unemployment board that Plaintiff had been terminated for misconduct in connection with his employment.  As a result, Plaintiff was assessed overpayments and a penalty.

31. Defendants further discriminated against Plaintiff because of his medical disability and for having taken time off as a reasonable accommodation under the ADA and as leave under the FMLA, as well as because of Plaintiff's sexual orientation, and in violation of New York's fair chance act and the terms of Plaintiff's employment contract.

32. Defendants retaliated against Plaintiff for having taken time off as a reasonable accommodation

under the ADA and as leave under the FMLA, for having complained of discrimination, and for having filed a charge of discrimination with the EEOC.

33. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

34. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

35. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

36. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

37. The Defendants conduct constituted a continuing action in violation of federal, state and city law.

38. Plaintiff hereby demands reinstatement to his position with the Defendants.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE AMERICANS WITH DISABILITIES ACT
(Not against any individual Defendants)**

39. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

40. Plaintiff claims Defendant CALL9 violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

41. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

42. Defendant CALL9 violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of his association with a person with a disability.

43. Defendant CALL9 violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT (Not against any individual Defendants)

44. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

45. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

46. Defendant CALL9 violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION
FOR RETALIATION AND INTERFERENCE UNDER THE
FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
(NOT AGAINST ANY INDIVIDUAL DEFENDANTS)**

47. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint, as if the same were set forth herein fully at length.

48. §2615 of the FMLA states as follows:

    Prohibited acts
    (a) Interference with rights
    (1) Exercise of rights

    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

    (2) Discrimination

    It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

49. DEFENDANT CALL9 unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise his rights under the above section and discriminated and retaliated against Plaintiff by terminating Plaintiff from his employment for requesting leave under the FMLA and opposing Defendant's unlawful employment practices and attempting to exercise his rights.

**AS A FOURTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII
(Not Against Individual Defendants)**

50. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

51. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices,

9

It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

52. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by allowing sex/gender and sexual orientation discrimination and a hostile work environment.

### AS A FIFTH CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

53. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

55. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

### AS A SIXTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (AGAINST ALL DEFENDANTS)

10

56. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

57. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

58. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability, sex, gender and sexual orientation and causing a hostile work environment.

59. Plaintiff hereby makes a claim against Defendant s under all of the applicable paragraphs of Executive Law Section 296.

**AS A SEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
NEW YORK STATE LAW
(AGAINST ALL DEFENDANTS)**

60. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

61. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

62. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against

Plaintiff.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

63. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of the complaint.

64. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

65. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

## AS A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

66. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

67. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's disability, sex, gender and sexual orientation.

69. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

**AS A TENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

70. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

71. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**AS AN ELEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

73. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

74. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful

discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

75. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A TWELFTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

76. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint

77. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

78. Defendants violated the above section as set forth herein.

**AS A THIRTEENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(AGAINST ALL DEFENDANTS)**

79. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

80. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, Agent or Independent Contractor provides "An employer shall be liable for an unlawful discriminatory

practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

81. Defendants violated the above section as set forth herein.

### AS A FOURTEENTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (AGAINST ALL DEFENDANTS)

82. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint.

83. Plaintiff's wrongful termination from his employment with Defendants was based upon Defendants' violation of the Public Policy of the State of New York as set forth above, and in other statutes and provisions.

84. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer monetary losses incurred and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

85. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently and

oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  The acts complained of were known to, authorized and ratified by Defendants.  Plaintiff is therefore entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at the time of trial.

## AS A FIFTEENTH CAUSE OF ACTION
## FOR BREACH OF CONTRACT

86. Plaintiff repeats, reiterates and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

87. Defendants agreed in writing that Plaintiff would not be terminated without cause unless upon two weeks written notice.

88. Defendants terminated Plaintiff without any notice and refused to pay Plaintiff the necessary two weeks pay required by his contract.

89. Defendants have failed to complete or fully perform on their obligations.

90. Defendants have also breached their covenants of good faith and fair dealings.

91. By reason of the foregoing, Defendants breached the subject contract with Plaintiff.

92. By reason of the foregoing, Plaintiff has been damaged an amount to be determined at trial.

## AS A SIXTEENTH CAUSE OF ACTION
## FOR DEFAMATION
## (AGAINST ALL DEFENDANTS)

93. Plaintiff hereby repeats and re-alleges each allegation contained herein in all above paragraphs number as if more fully set forth herein.

94. The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or cause special damage.

95. Defendants made defamatory, false, misleading, and inaccurate statements to the unemployment board. Plaintiff suffered reputation, pecuniary, and non-economic damage as a result.

## AS A SEVENTEENTH CAUSE OF ACTION
## FOR DEFAMATION OR SLANDER *PER SE*
## (AGAINST ALL DEFENDANTS)

96. Plaintiff hereby repeats and re-alleges each allegation contained herein in all above paragraphs number as if more fully set forth herein.

97. Defendants made false and disparaging comments to a third party about Plaintiff, including that Plaintiff was a discharged from his employment due to misconduct.

98. These comments constituted defamation and slander *per se*.

99. As a result of the foregoing, plaintiff has been damaged in an amount to be determined at trial.

## AS AN EIGHTEENTH CAUSE OF ACTION
## Discrimination in Violation of the New York Executive Law
## (As against all Defendants)

100. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

101. New York State Executive Law § 296 provides that, "15. It shall be an unlawful discriminatory practice for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to deny any license or employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a

lack of "good moral character" which is based upon his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of article twenty-three-A of the correction law."

102. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of Plaintiff's criminal charges and plea, together with unlawful termination and retaliation.

103. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

104. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A NINETEENTH CAUSE OF ACTION
### Discrimination in Violation of the New York Correction Law Article 23-A
### (As against all Defendants)

105. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs of this Complaint, with the same force and effect as if fully set forth herein.

106. New York State Correction Law, Article 23-A provides that:

> §752. Unfair discrimination against persons previously convicted of one or more criminal offenses prohibited. No application for any license or employment, and no employment or license held by an individual, to which the provisions of this article are applicable, shall be denied or acted upon adversely by reason of the individual's having been previously convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character" when such finding is based upon the fact that the individual has previously been convicted of one or more criminal offenses, unless:
>
> > (1) There is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual; or
> >
> > (2) the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public."

107. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of Plaintiff's criminal charges and plea, together with unlawful termination.
108. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Correction Law Section 752.
109. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated:  New York, New York
        December 28, 2018

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

   ___/s/ Abe Melamed_____
Derek T. Smith, Esq.
Abraham Z. Melamed, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760